1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10

NAIN MARTIN COVARRUBIAS,

No. 1:22-cv-00446-JLT-EPG (HC)

11

Petitioner,

12

v.

13

SEAN MOORE,

14

Respondent.

15

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

(Doc. 16)

16
17
18
19
20
21
22
23
24
25
26
27
28

Nain Martin Covarrubias, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied. (Doc. 16.) Petitioner filed timely objections to the findings and recommendations. (Doc. 20.)

In his objections, Petitioner renews his argument that his due process rights were violated by the trial court's admission of evidence of his prior assaultive conduct. He argues, as he did in his petition, that this evidence was insufficient to support the gang enhancement—as demonstrated by the Court of Appeal striking the enhancement—and there were no permissible inferences to be drawn from the evidence. Petitioner argues that the underpinning of the Magistrate Judge's analysis, *Noel v. Lewis*, 605 F. App'x 606 (9th Cir. 2015), "did not announce

1

1   a general rule that gang evidence will typically support a motive for a shooting even if it is found

2   insufficient to support a gang enhancement." (Doc. 20 at 5) Instead, Petitioner argues, that in

3   when the gang enhancement is stricken due to insufficient evidence, the gang evidence may be

4   considered only if additional evidence corroborates the motive element. As noted by the

5   Magistrate Judge, the Court of Appeal determined that the similarly in the evidence of the current

6   crime and the past one bore on an issue to be decided by the jury—Petitioner's motive for the

7   crime—even though, at the same time, the Court of Appeals found the evidence insufficient to

8   support the gang enhancement. Like the Magistrate Judge, the Court concludes that "was not

9   contrary to, or an unreasonable application of, clearly established federal law, nor was it based on

10  an unreasonable determination of fact." (Doc. 16 at 13) The other objection lodged by Petitioner,

11  likewise, fails to undermine the Magistrate Judge's rationale.

12      According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the

13  case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds

14  the findings and recommendation to be supported by the record and proper analysis.

15      Having found that Petitioner is not entitled to habeas relief, the Court now turns to

16  whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus

17  has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only

18  allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.

19  § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of

20  appealability "if jurists of reason could disagree with the district court's resolution of [the

21  petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate

22  to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529

23  U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must

24  demonstrate "something more than the absence of frivolity or the existence of mere good faith on

25  his . . . part." *Miller-El*, 537 U.S. at 338.

26      In the present case, the Court finds that reasonable jurists would not find the Court's

27  determination that the petition should be denied debatable or wrong, or that Petitioner should be

28  allowed to proceed further. Petitioner has not made the required substantial showing of the denial

of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1.  The findings and recommendations issued on February 7, 2023 (Doc. 16) are **ADOPTED IN FULL**.

2.  The petition for writ of habeas corpus is **DENIED**.

3.  The Clerk of Court is directed to close the case.

4.  The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  __**October 13, 2023**__

UNITED STATES DISTRICT JUDGE

3